IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JOHN REZNICKCHECK            :       CIVIL ACTION
                             :
          v.                 :
                             :
DENNIS MOLYNEAUX, et al.     :       NO. 13-1857


MEMORANDUM

McLaughlin, J.                              January 14, 2014

          This is a § 1983 action brought by a *pro se* prisoner,
John Reznickcheck, who was formerly incarcerated at the
Lancaster County Prison ("LCP").  The plaintiff alleges that his
constitutional rights were violated when he was served rotten
potatoes as part of his meals over a period of several weeks.
Before the Court is a Motion to Dismiss or in the Alternative
for Summary Judgment (Docket No. 44) filed by defendants Trinity
Services Group, Inc. and Ryan Schubert.  The Court will grant
the defendants' motion and will dismiss the plaintiff's claims
against them with prejudice.


I.    Procedural History

          The plaintiff filed his original complaint on May 2,
2013.  He then filed an amended complaint on May 13, 2013.  The
amended complaint named Warden Dennis Molyneaux ("Molyneaux")
and several John Does as defendants.  Molyneaux filed an answer

to the amended complaint on July 12, 2013.[1]  On June 24, 2013, the Court granted the plaintiff's motion to substitute Ryan Schubert ("Schubert"), the former food service director, for one of the John Doe defendants.  On August 16, 2013, the Court granted the plaintiff's request to add Trinity Services Group, Inc. ("Trinity") as a defendant.  Defendants Trinity and Schubert filed the motion currently before the Court.

II.   <u>Factual Background</u>[2]

A. <u>Facts Alleged in the Amended Complaint</u>

Reznickcheck became incarcerated at LCP on July 14, 2012.  During his confinement at LCP, the food service company for LCP, Trinity, served rotten potatoes to Reznickcheck as part of his meals, at least once per day for several weeks.  The potatoes contained "clearly visible mold, black spots, and

---

[1] Because defendant Molyneaux answered the amended complaint, this case will go forward as to the plaintiff's claims against Molyneaux.

[2] The facts alleged in the complaint are assumed to be true for the purposes of evaluating a motion to dismiss.  The Court also accepts as true all reasonable inferences that may be drawn from the allegations, and views those facts and inferences in the light most favorable to Reznickcheck, the non-moving party.  <u>Angelastro v. Prudential-Bache Sec., Inc.</u>, 764 F.2d 939, 944 (3d Cir. 1985).

taste." Reznickcheck suffered an upset stomach, headache, nausea, short-term vomiting, constipation, and weight loss as a result. Am. Compl. at 3; Compl. Exh. A, B.[3]

Reznickcheck filed at least three complaints with LCP regarding the rotten potatoes.[4] The food service director, who has been identified by the plaintiff as defendant Schubert, responded to two of these complaints. Those responses indicated that Trinity had recently switched to a new brand of potatoes, and that the cooks had been instructed to remove any potatoes that looked bad. The responses explained that "this should take care of the problem." Reznickcheck alleges that the food service director "admitted that the potatoes were rotten, and did not deny serving said product to inmates for stated period of time." Am. Compl. at 3, 9; Compl. Exh. A, B.

---

[3] The plaintiff attached copies of two request forms to the original complaint, but did not attach them to the amended complaint. In an effort to liberally construe the plaintiff's complaint, the Court will consider the exhibits as if they were attached to the amended complaint.

[4] Some, but not all, of these complaints were formal grievances filed with LCP. Amd. Compl. at 3.

3

B. Facts Alleged during the Rule 16 Conference

As part of the Court's general practice with *pro se* litigants, the Court held an on-the-record Rule 16 conference on September 10, 2013, during which the Court allowed the plaintiff to give a complete explanation of the facts of the case.  It is the Court's practice to incorporate facts alleged by the *pro se* litigant during the Rule 16 conference into the complaint.

During the Rule 16 conference, Reznickcheck explained that if he complained that his meal contained inedible potatoes, he could usually obtain a replacement meal.  Replacement meals sometimes had new potatoes, sometimes had the same food without the potatoes, and sometimes had other food to replace the potatoes.  Occasionally, corrections officers did not replace the contaminated meal.  9/10/13 Rule 16 Conf. Trans. 6:18-21, 17:25, 18:1-25, 19:1-12.

III.   Discussion

A. Standard of Review

In evaluating a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff.

4

Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).
Disregarding any legal conclusions, the court should determine
whether the facts alleged are sufficient to show that the
plaintiff has a "plausible claim for relief."  Id.; Ashcroft v.
Iqbal, 556 U.S. 662, 679 (2009).  Because the plaintiff is a *pro
se* litigant, the Court must construe the complaint liberally.
Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339 (3d Cir.
2011) (citing Estelle v. Gamble, 429 U.S. 97 (1976)).


     B. Claim for Injunctive Relief

       The plaintiff requests an injunction against Trinity
and Schubert, presumably to prevent the continued service of
rotten potatoes in prisoner meals, and to put in place an
oversight committee to ensure food safety.  An injunction would
be inappropriate in this case, however.  The plaintiff left the
Lancaster County Prison on or before June 13, 2013.  See 6/13/13
Change of Address (Docket No. 9).  Since the plaintiff has been
transferred to another prison, an injunction will not provide
him with any relief.

       "An inmate's transfer from the facility complained of
generally moots the equitable and declaratory claims."  Sutton
v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003) (per curiam).

Although an injunction is not moot where (1) the violation is too short in duration to be fully litigated prior to its cessation or expiration and (2) there is a reasonable likelihood that the same complaining party would be subjected to the same action again, see id., there is no indication that either of these conditions is present here.

      C. Claim for Damages

        The plaintiff also asserts a claim for damages, which is not mooted by his transfer.  To state a claim under § 1983, a plaintiff must allege (1) conduct by a person acting under the color of state law (2) that deprived him of a right secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).  The defendants do not dispute, for the purpose of this motion, that they acted under the color of state law.  However, the plaintiff has not sufficiently alleged a constitutional deprivation by Trinity or Schubert.

        It is unclear whether the plaintiff was a pretrial detainee or convicted prisoner while incarcerated at LCP. Conditions of confinement claims brought by convicted prisoners

are analyzed under the Eighth Amendment,[5] while such claims brought by pretrial detainees are analyzed under the Fourteenth Amendment.[6]  See Bell v. Wolfish, 441 U.S. 520, 535 (1979); Hubbard v. Taylor, 399 F.3d 150, 166-67 (3d Cir. 2005).  A pretrial detainee may not be punished, whereas a sentenced inmate may be punished, but that punishment must not be cruel and unusual.  See id.

        The plaintiff has only referred to violations of the Eighth Amendment in his complaint.  Because the Court must liberally construe the plaintiff's complaint, the Court considers the plaintiff's claims under both the Eighth Amendment and Fourteenth Amendment standards.  The Court finds that the plaintiff has not alleged a constitutional violation under either analysis.


        1. Eighth Amendment Claim

        The Eighth Amendment imposes a duty on prison officials to provide inmates with adequate food, clothing,

---

        [5]  The Eighth Amendment's protection against cruel and unusual punishment has been incorporated against the states through the Fourteenth Amendment.  Estelle v. Gamble, 429 U.S. 97, 101 (1976).

        [6] The defendants' motion addresses only a potential Eighth Amendment claim.

shelter and medical care.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  In order to state a claim based on a violation of this right, the plaintiff must allege that "he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference." Id. at 834.  An injury is objectively, sufficiently serious if it denies an inmate "the minimal civilized measure of life's necessities."  Tillery v. Owens, 907 F.2d 418, 426 (3d Cir. 1990) (quoting Rhodes v. Chapman, 511 U.S. 337, 347 (1981)).

The continued daily service of spoiled or rotten food over a period of several weeks could rise to the level of a sufficiently serious constitutional violation, if an inmate is deprived of nutritionally adequate food over an extended period of time.  See Green v. Atkinson, 623 F.3d 278, 281 (5th Cir. 2010) ("Evidence of frequent or regular injurious incidents of foreign objects in food . . . raises what otherwise might be merely isolated negligent behavior to the level of a constitutional violation."); Moore v. Woodford, 2008 WL 4561154, at *3 (N.D. Cal. Sept. 30, 2008) (finding that the plaintiff stated an Eighth Amendment claim where defendants allowed inmates to drink contaminated water for two weeks); Drake v. Velasco, 207 F. Supp. 2d 809, 812 (N.D. Ill. 2002) ("The

constant presence of contaminants can rise to constitutional
levels."); cf. Nickles v. Taylor, 2010 WL 1949447, at *5 (D.N.J.
May 14, 2010) (holding that the plaintiff failed to establish an
Eighth Amendment violation where he had not shown that the
prison frequently served spoiled food); Brown v. Sobina, 2009 WL
5173717, at *6-7 (W.D. Pa. Dec. 29, 2009) (same).

The plaintiff, however, has alleged facts which
demonstrate that he was not deprived of life's basic
necessities.  The plaintiff has alleged that, if he complained
to prison officials that his meal contained rotten potatoes, his
meal was replaced with a new meal that either had new potatoes
or no potatoes.  The fact that the plaintiff may not have been
satisfied with his replacement meal or that the replacement meal
occasionally contained fewer calories than the normal meal does
not rise to the level of a constitutional violation.[7]

The plaintiff's allegations also indicate that Trinity
officials were not deliberately indifferent to an excessive risk
to the plaintiff's health or safety.  The deliberate
indifference standard requires that prison officials were

_____

[7] The plaintiff alleged that some corrections officers
occasionally would not replace contaminated meals.  The actions
by some corrections officers cannot be attributed to Schubert or
Trinity.

9

subjectively aware of a substantial risk of serious harm and they disregarded that risk "by failing to take reasonable measures to abate it."  <u>Farmer</u>, 511 U.S. at 829, 847.

Here, the plaintiff has alleged that officials did respond by replacing potentially contaminated meals upon receiving notice.  Also, the plaintiff alleged that a Trinity official responded to two of his written complaints, stating that Trinity had switched providers of potatoes and had instructed employees to dispose of any potatoes that looked bad. These facts contradict any claim of deliberate indifference. <u>See</u> <u>Glazewski v. Corzine</u>, 385 F. App'x 83, 88 (3d Cir. 2010) (finding no deliberate indifference where the evidence indicated that "prison officials promptly attempted to remedy any instance of a missing meal").

Thus, assuming Schubert was personally involved in the service of the rotten potatoes to the plaintiff, <u>see</u> <u>Iqbal</u>, 556 U.S. at 676; <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988), the plaintiff has not stated a claim against him for a violation of his Eighth Amendment rights because he has not pled a sufficiently serious injury or deliberate indifference.

2.   <u>Fourteenth Amendment Claim</u>

If the plaintiff was a pretrial detainee while he was being served rotten potatoes, his § 1983 claim must be assessed under the Due Process Clause of the Fourteenth Amendment. "[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 (1979).  A condition of confinement amounts to punishment if a "disability is imposed for the purpose of punishment," as opposed to as "an incident of some other legitimate governmental purpose." <u>Hubbard v. Taylor</u>, 538 F.3d 229, 232 (3d Cir. 2008).  The Supreme Court has acknowledged that the conditions of confinement may violate the Due Process Clause if a pretrial detainee was forced to "endure genuine privations and hardship over an extended period of time . . . ." <u>Bell</u>, 441 U.S. at 542.

The Third Circuit has held that "[u]nconstitutional punishment typically includes both objective and subjective components." <u>Stevenson v. Carroll</u>, 495 F.3d 62, 68 (3d Cir. 2007).  As in an Eighth Amendment claim, the objective component requires that the "deprivation was sufficiently serious" and the subjective component requires that "the officials acted with a sufficiently culpable state of mind." <u>Id.</u> (internal quotations

11

omitted).  The requisite *mens rea* can be inferred "where the restriction is arbitrary or purposeless, or where the restriction is excessive, even if it would accomplish a legitimate governmental purpose."  Id.

As in the Eighth Amendment analysis, the plaintiff has failed to allege a sufficiently serious deprivation.  A sufficiently serious deprivation is one that causes a detainee "to endure genuine privations and hardship over an extended period of time."  Potter v. Fraser, 2011 WL 2446642, at *4 (D.N.J. June 13, 2011) (citing Bell, 441 U.S. at 542).  The plaintiff has not alleged genuine privations or hardships because he has alleged that he could obtain a replacement meal if his meal contained inedible potatoes, and he has alleged only minor, short term injuries.  Additionally, there is no indication in the plaintiff's allegations that the service of rotten potatoes was intended as a punishment.  See Duran v. Merline, 923 F. Supp. 2d 702, 719-20 (D.N.J. 2013); Potter, 2011 WL 2446642, at *4; Mora v. Camden Cnty., 2010 WL 2560680, at *9 (D.N.J. June 21, 2010).  At most, the service of rotten potatoes seems to have been the result of negligence.

12

D.   Claims against Trinity

In order to state a § 1983 claim against Trinity for actions taken by its employees, the plaintiff must allege that Trinity had in place a policy or custom that deprived him of a constitutional right.  Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003) (citing Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 691 (1978).  The plaintiff has not alleged such a policy or custom.  As discussed, the plaintiff's allegations indicate that Trinity actually had in place a policy or custom of taking precautions to prevent the service of rotten potatoes and to respond to any complaints by replacing meals.

IV. Conclusion

The Court finds that the plaintiff has failed to state a claim for a constitutional violation under either the Eighth Amendment or Fourteenth Amendment.  Because the plaintiff has already amended his complaint once, and because the Court allowed the plaintiff to give a complete explanation of the facts of the case during the Rule 16 conference, the Court concludes that amendment would be futile.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

13

The plaintiff's claims against Trinity and Schubert will therefore be dismissed with prejudice.

An appropriate order shall issue separately.