```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JOHN REZNICKCHECK              :     CIVIL ACTION
                               :
         v.                    :
                               :
DENNIS MOLYNEAUX, et al.       :     NO. 13-1857
```

MEMORANDUM

McLaughlin, J.                                      July 29, 2014

This is a § 1983 action brought by a pro se prisoner, John Reznickcheck, who was formerly incarcerated at the Lancaster County Prison ("LCP"). The plaintiff filed this action against Lancaster County, Dennis Molyneaux, Trinity Services Group, Inc. ("Trinity"), Ryan Schubert, and several John Doe defendants. The plaintiff alleges that his constitutional rights were violated when he was served rotten potatoes as part of his meals over a period of several weeks.

On January 14, 2014, in a Memorandum and Order, the Court granted Trinity and Schubert's motion to dismiss. Defendant Molyneaux has now filed this motion for judgment on the pleadings. For substantially the same reasons discussed in the Court's January 14, 2014 Memorandum and Order, the Court will grant defendant Molyneaux's motion.

I.   Factual Background[1]

    A.   Facts Alleged in the Amended Complaint

Reznickcheck became incarcerated at LCP on July 14, 2012. During his confinement at LCP, the food service company for LCP, Trinity, served rotten potatoes to Reznickcheck as part of his meals, at least once per day for several weeks. The potatoes contained "clearly visible mold, black spots, and taste." Reznickcheck suffered an upset stomach, headache, nausea, short-term vomiting, constipation, and weight loss as a result. Amd. Compl. 3; Compl. Exh. A, B.[2]

Reznickcheck filed at least three complaints regarding the rotten potatoes.[3] One request or complaint was sent to Warden Molyneaux. Molyneaux did not respond to that complaint. The food service director responded to two of Reznickcheck's complaints. Those responses indicated that Trinity had recently switched to a new brand of potatoes, and that the cooks had been instructed to remove any potatoes that looked bad. The

---

[1] The facts alleged were described in the Court's January 14, 2014 Memorandum. The Court repeats those facts here for completeness, in addition to the specific allegations regarding defendant Molyneaux.

[2] The plaintiff attached copies of two request forms to the original complaint, but did not attach them to the amended complaint. In an effort to liberally construe the plaintiff's complaint, the Court will consider the exhibits as if they were attached to the amended complaint.

[3] Some, but not all, of these complaints were formal grievances filed with LCP. Amd. Compl. 3.

2

responses explained that "this should take care of the problem." Reznickcheck alleges that the food service director "admitted that the potatoes were rotten, and did not deny serving said product to inmates for stated period of time." Amd. Compl. 3, 9; Compl. Exh. A, B.

    B.    <u>Facts Alleged during the Rule 16 Conference</u>

As part of the Court's general practice with pro se litigants, the Court held an on-the-record Rule 16 conference on September 10, 2013, during which the Court allowed the plaintiff to give a complete explanation of the facts of the case. It is the Court's practice to incorporate facts alleged by the pro se litigant during the Rule 16 conference into the complaint.

During the Rule 16 conference, Reznickcheck explained that if he complained that his meal contained inedible potatoes, he could usually obtain a replacement meal. Replacement meals sometimes had new potatoes, sometimes had the same food without the potatoes, and sometimes had other food to replace the potatoes. Occasionally, corrections officers did not replace the contaminated meal. 9/10/13 Rule 16 Conf. Trans. 6:18-21, 17:25, 18:1-25, 19:1-12.

II.    <u>Standard of Review</u>

The Federal Rules of Civil Procedure provide that, after the pleadings are closed, but early enough not to delay

3

trial, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). Where a motion for judgment on the pleadings argues that the plaintiff fails to state a claim upon which relief can be granted, the court applies the same standards as under a Rule 12(b)(6) motion.[4] Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).

The court "must accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff." Id. As with a 12(b)(6) motion, the court must disregard any legal conclusions, and determine whether the facts alleged are sufficient to show that the plaintiff has a "plausible claim for relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009); Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Because the plaintiff in this case is a pro se litigant, the court must construe the complaint liberally. Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011) (citing Estelle v. Gamble, 429 U.S. 97 (1976)).

III. Analysis

As an initial matter, injunctive relief is not available to the plaintiff, and the defendant is entitled to judgment on the pleadings with respect to the plaintiff's claims

---

[4] Federal Rule of Civil Procedure 12(h)(2) provides that the defense of failure to state a claim may be raised in a Rule 12(c) motion for judgment on the pleadings. Fed. R. Civ. P. 12(h)(2).

4

for injunctive relief.[5]  "An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims."  <u>Sutton v. Rasheed</u>, 323 F.3d 236, 248 (3d Cir. 2003) (per curiam) (citing <u>Abdul-Akbar v. Watson</u>, 4 F.3d 195, 197 (3d Cir. 1993).  The plaintiff left Lancaster County Prison on or before June 13, 2013.  <u>See</u> 6/13/13 Change of Address (Docket No. 9).  There is no indication that the alleged violation was too short in duration to be fully litigated prior to its cessation or expiration or that there is a reasonable likelihood that the plaintiff will be subjected to the same action again.  <u>See</u> <u>Sutton</u>, 323 F.3d at 248 (explaining that an injunction is not moot where (1) the violation is too short in duration to be fully litigated prior to its cessation or expiration and (2) there is a reasonable likelihood that the same complaining party would be subjected to the same action again).

   The defendant is also entitled to judgment on the pleadings with respect to the plaintiff's claim for damages. The plaintiff has not alleged any personal involvement by Molyneaux in the alleged constitutional violation.  The only allegations in the amended complaint that involve defendant

---

[5] The amended complaint requests an injunction on the warden and food services provider, presumably to prevent the continued service of rotten potatoes, and to create an oversight committee to ensure food safety at LCP.  The amended complaint also seeks revision of the grievance system at LCP to include an appeal process.  <u>See</u> Amd. Compl. 5-6.

5

Molyneaux are: (1) that Molyneaux was sent a request that was never answered by him; and (2) that Molyneaux knew that rotten potatoes were being served to inmates, or should have known because he is responsible for the total operations of food service and the institution.  Amd. Compl. 3.

      Molyneaux cannot be held liable for the service of rotten potatoes based on a respondeat superior theory.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988).  A plaintiff must allege personal involvement of defendants in alleged constitutional deprivations.  Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); Rode, 845 F.2d at 1207 ("A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . .").  The allegation that Molyneaux knew or should have known about the service of the potatoes solely because he held a supervisory position is therefore insufficient to state a claim against him.

      The plaintiff has not alleged any facts which would support the conclusory allegation that Molyneaux knew about the condition of the potatoes, and there are no allegations that Molyneaux participated in the service of the potatoes.  The fact that Reznickcheck filed a grievance regarding the service of

6

rotten potatoes, which Molyneaux may have seen but did not respond to, is insufficient to show personal involvement of Molyneaux.[6]  Rode, 845 F.2d at 1208 (holding that the filing of a grievance with the governor's office did not constitute personal involvement of the governor); Haynes v. Moore, No. 09-4958, 2010 WL 2595958, at *3 (E.D. Pa. Jun. 23, 2010) ("[A] warden's participation in the review of a grievance is insufficient to establish personal involvement."); Mines v. Levi, No. 07-1739, 2009 WL 839011, at *6 (E.D. Pa. Mar. 26, 2009) ("[R]eceiving and failing to respond to a grievance sent by a prisoner is not sufficient to demonstrate personal involvement of a prison supervisor . . . .")

     Moreover, even if Reznickcheck had alleged personal involvement by defendant Molyneaux, he has not alleged a constitutional deprivation.  The plaintiff was a pretrial detainee during the relevant time period.  See Def.'s Mot., Exh.

---

[6] It is unclear to the Court whether the plaintiff intends to seek relief for Molyneaux's failure to respond to the plaintiff's complaint.  To the extent the amended complaint alleges such a claim, the defendant is entitled to judgment on the pleadings.  Prisoners do not have a constitutional right to a grievance procedure.  A warden's failure to respond to a grievance does not make out a constitutional claim.  See Wilson v. Horn, 971 F. Supp. 943, 947 (E.D. Pa. 1997), aff'd, 142 F.3d 430 (3d Cir. 1998); Haynes v. Moore, No. 09-4958, 2010 WL 2595958, at *2 (E.D. Pa. June 23, 2010) (citing cases).  The plaintiff has also named John Doe Defendant #5, who he intended to be the person who handles grievances at LCP.  See 9/10/13 Rule 16 Conf. Trans. 16:5-20.  For the same reason, if the plaintiff asserts a claim against John Doe #5 for failure to respond to the plaintiff's grievances, that claim is dismissed.

A.[7]  His § 1983 claim must therefore be assessed under the Due Process Clause of the Fourteenth Amendment.  "[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."  Bell v. Wolfish, 441 U.S. 520, 535 (1979).  A condition of confinement amounts to punishment if a "disability is imposed for the purpose of punishment," as opposed to as "an incident of some other legitimate governmental purpose."  Hubbard v. Taylor, 538 F.3d 229, 232 (3d Cir. 2008).  The Supreme Court has acknowledged that the conditions of confinement may violate the Due Process Clause if a pretrial detainee was forced to "endure genuine privations and hardship over an extended period of time . . . ."  Bell, 441 U.S. at 542.

      The Third Circuit has held that "[u]nconstitutional punishment typically includes both objective and subjective components."  Stevenson v. Carroll, 495 F.3d 62, 68 (3d Cir. 2007).  The objective component requires that the "deprivation was sufficiently serious" and the subjective component requires that "the officials acted with a sufficiently culpable state of mind."  Id. (internal quotations omitted).

---

[7] Exhibit A to the defendant's motion is a case summary from the Lancaster County Court of Common Pleas which indicates that Reznickcheck was a pretrial detainee prior to May 6, 2013.  The Court may consider this document, as it is a public record.  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1197 (3d Cir. 1993).

The plaintiff has failed to allege a sufficiently serious deprivation. A sufficiently serious deprivation is one that causes a detainee "to endure genuine privations and hardship over an extended period of time." Potter v. Fraser, No. 10-4200, 2011 WL 2446642, at *4 (D.N.J. Jun. 13, 2011) (citing Bell, 441 U.S. at 542). The plaintiff has not alleged genuine privations or hardships because he has alleged that he could obtain a replacement meal if his meal contained inedible potatoes, and he has alleged only minor, short term injuries. See Duran v. Merline, 923 F. Supp. 2d 702, 719-20 (D.N.J. 2013) (holding that, where meals were nutritionally adequate, there was no constitutional deprivation, and that isolated incidents of contaminated food resulting in temporary discomfort were not unconstitutional). See also Potter, 2011 WL 2446642, at *4; Mora v. Camden Cnty., No. 09-4183, 2010 WL 2560680, at *9 (D.N.J. June 21, 2010).

IV. Conclusion

The Court finds that the plaintiff has failed to state a claim for a constitutional violation under the Fourteenth Amendment. Because the plaintiff has already amended his complaint once, and because the Court allowed the plaintiff to give a complete explanation of the facts of the case during the Rule 16 conference, the Court concludes that amendment would be

9

futile. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). The plaintiff's claims against Molyneaux will therefore be dismissed with prejudice.[8]

An appropriate order shall issue separately.

---

[8] The Court will also dismiss the plaintiff's claims against John Doe Defendants #1-3. There are no allegations regarding those defendants' personal involvement in a constitutional violation, and the plaintiff has nonetheless failed to allege a constitutional deprivation.